## ARNOLD vs. DEAN.

Ten per cent is an unreasonable charge for commission on the sale of goods.

Appeal for delay alone, judgment will be affirmed, with damages.

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. This is an action to recover the balance of an account. The general issue is pleaded.

The only question on the trial, was the correctness of a charge of ten per cent. which the defendant alleged he was entitled to for comissions.

The charge appears to us a most unreasonable one, and the uncontradicted testimony of a witness, sworn on the trial, proves, that the charge for commissions on the sale of goods. in this place. is five per cent.

The plaintiff has asked for the affirmance of the judgment with ten per cent damages for the delay occasioned by this appeal. We think he is clearly entitled to it.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs and damages at ten per cent on the amount recovered for this frivolous appeal.

*Preston*, on application for a re-hearing. The appeal was made returnable in court on the first Monday, or 3d day of January, 1825.— That day, the appellee appeared, filed his answer and points, and fixed the cause for trial, contrary to the rule of court, which prohibited the cause from being set for trial, unless the points had been filed the preceding Saturday. It was thus tried prematurely, and in the absence of the appellant, and yet the court give ten per cent damages for the *delay*, and what they term a *frivolous appeal.* With regard to that part of the judgment which accords the damages, the appellant prays a re-hearing.— The law never intended that the damages should be given for delay; for *that* it has provided five per cent. interest; not as a punishment

for a frivolous appeal; this court has no power to punish, and if they had, it is a sacred principle of criminal law that no man shall be condemned unheard; perhaps, if the appellant had been heard, he might have shewn that the appeal was not frivolous. The law intended what it says, that " the supreme court, when they shall affirm a judgment, may adjudge to the respondent in appeal, such damages and interests as they shall think a *sufficient compensation for the loss and prejudice he may have suffered* in consequence of the appeal." The loss and prejudice which the appellee suffers is the criterion of damages, and not the character of the appeal. If the character of the appeal should have any effect on the damages, I should say the appeal, which is not frivolous, but in which the court entertain great doubts of the correctness of the judgment of the inferior court, where it requires much investigation by the appellee to satisfy them, is the one in which damages should be accorded; because the one which gives trouble and labour, the *loss* of employing counsel, and the prejudice of vexation. But in the present case the court think, that only commissions to the amount of $20 were in controversy, so manifestly not due, that it was only

necessary to open the record to decide so. Surely then there is no ground for damages. The plaintiff could not have given $40 to counsel to maintain his right to $20 in so plain a case.   For the month's delay, interest was allowed by law, and security was given in the appeal, which the plaintiff valued far above the inconvenience of delay.   Had it been a petitory action in which a plaintiff had been cruelly kept out of house and home, or compelled to come from Feliciana to this place, and employ additional counsel, to obtain, after a year's delay, that justice which should have been promptly rendered, or a thousand other cases that might be imagined, the court would have done right to compensate him by the extent of damages allowed by law; but to give the same redress, where not an iota of injury has been suffered, would discourage the citizens from resorting to the tribunals which they support at a great expense, for the settlement of all their disputes. and which are the protecting temples of their liberties and rights, while the doors may be entered, without fear and trembling.

East'n. District.
*Jan'y.* 1825.

ARNOLD
*vs.*
DEAN.

PORTER, J. delivered the opinion of the court. It having appeared to the court that the appeal in this case was taken merely for delay, the judgment of the inferior tribunal was con-

A frivolous appeal is one of the cases contemplated by the statute, in which damages may be given.

Eas'n. District.
*Jan'y.* 1825.

ARNOLD
*vs.*
DEAN.

firmed with ten per cent. damages.     This decision was made on deliberate conviction, as to the true construction of the statute; and in conformity with the repeated decisions of this court, from its first organization, up to the moment of rendering this decree.

The attorney general, on behalf of the defendant, has moved for a re-hearing, and the principal grounds for the application are, first, that the court has given damages for a frivolous appeal, which is not one of the cases contemplated by the statute.     Second, that the causes in which damages should be accorded, are those where there is great doubt and difficulty, and the appellee is put to trouble and expense to establish his claim.     And lastly, that this tribunal is supported at a great expense by the public.

We have given to all these reasons our most serious attention, and we have thrown out of view the weight, which the argument on the other side derives from the continued practice in this tribunal, for if we have been travelling a wrong road, the sooner we retrace our steps the better.     The words, used in the statute under which this power has been exercised, are " the supreme court when they shall affirm

a judgment, may adjudge to the respondent
such damages and interest as they shall think a sufficient compensation for the loss and pre-
judice he may have suffered in consequence of the appeal." No particular class of cases are here designated. It has been left to the court to give the law an application to any case in which it was conceived the respondent suffered loss and prejudice. The only cases to which it has yet been applied, are those where it was manifest the appellant did not bring up the cause to have errors in the judgment corrected, but merely to delay its execution. Such appeals must necessarily be a *loss and prejudice* to the appellee, because they prevent him obtaining that, to which the justice of his country has said he is entitled. They are without justification on the part of the appellant, and are therefore proper cases (at least so we have thought) for affording compensation in damages. Whether it is said in pronouncing the judgment of the court, that these damages are given to the appellee because he has been improperly brought here; or granted because he has suffered loss and prejudice by the appeal, is in our view the same thing, for the one is a necessary consequence of the other. Nor

East'n. District.
*Jan'y.* 1325.

ARNOLD
*vs.*
DEAN.

can we perceive it makes any difference, whether it is said the appellant shall pay, because he has inflicted an injury; or that the appellee shall recover, because he has sustained one. We are therefore satisfied that a rehearing should not be granted, because the expressions used in our former judgment, declare, that damages are given for the frivolous appeal.

And still less do we deem it necessary to re-examine the cause, on the ground, that damages should only be given, where appeals are taken on difficult and doubtful matters. It may be true that there are cases, where, even on a strong contest as to the law and the facts, the judgment would be confirmed with damages for bringing the cause before the appellate court. Though it is not exactly seen by us what good reason could be assigned for it, or how the exercise of a legal and constitutional right to call for our judgment, could be considered as a loss and prejudice to the apppellee. But admitting there might be such cases, we are most clear *they are not the only ones,* and that the appellee may suffer loss and prejudice, when the appellant appeals without cause, as well as when he has good reason for doing so.

But in this case we are told, it was impossible the plaintiff could have been at loss and prejudice by the appeal, because the matter in dispute was only $20; that it was so plain the judge could have seen on opening the record there was not the slightest grounds for doubting the correctness of the judgment of the court below; and that therefore the appellee had no occasion to employ counsel, or to put himself to either expense or trouble.

If the judgment was so clearly correct, as to have been apparent on the first inspection, then the defendant appealed for no other purpose but to delay and defeat justice. In doing so he injured the plaintiff, and he ought to pay damages for it. And it does appear to us, to the last degree, strange, that the defendant should urge the total want of any ground for appeal, as the reason why he was authorised to take it, and force the plaintiff to follow him here to have the judgment confirmed.

As to this court being a great expense to the public, we do not see in that remark any reason for granting a re-hearing between these parties.

*Morse & Maybin* for the plaintiff, *Preston* for the defendant.